UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-00532-JLS (SK)                                    Date: January 31, 2023
Title   Jose Cosme Sandoval v. Cal. Dep't of Corr. & Rehab. et al.

Present: The Honorable:  Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:            Attorneys Present for Defendants:
None present                                                  None present

**Proceedings:**       (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Plaintiff is a former California state inmate who seeks to recover $50 million from each of three state correctional agencies under 42 U.S.C. § 1983 for not releasing him on parole sooner. (ECF 1 at 1-5). But the named defendants—the California Department of Corrections and Rehabilitation, the California Board of Parole Hearings, and the California Board of Prison Terms—are immune from such damages suit under the Eleventh Amendment. *See Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472-74 (1987); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 99-100, 106 (1984); *Dittman v. California,* 191 F.3d 1020, 1025-26 (9th Cir. 1999); *Brown v. California Dep't. of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009). Plaintiff cannot possibly win relief from these state agencies under § 1983. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

Plaintiff is thus **ORDERED TO SHOW CAUSE** on or before **February 14, 2023**, why his complaint should not be dismissed. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (court may dismiss at any time a complaint "foreclosed by prior decisions"); *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) ("A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim."). Plaintiff may satisfy this order by filing a notice of voluntary dismissal without prejudice using the attached form CV-09. *See* Fed. R. Civ. P. 41(a). If he does so, the Court—in its discretion—will instruct the Clerk of Court to refund him the paid civil filing fees, even though such fees are otherwise nonrefundable. But if Plaintiff files no notice of voluntary dismissal or other written response by February 14, 2023, the Court may involuntarily dismiss the action for lack of prosecution with no refund of paid civil filing fees. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.